**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**YURI CALZADILLA**                                                           **PETITIONER**

**V.**                                   **NO. 4:25-CV-18-DMB-JMV**

**LYNN FITCH, et al.**                                               **RESPONDENTS**

**OPINION AND ORDER**

Yuri Calzadilla seeks a writ of habeas corpus under 28 U.S.C. § 2254. The respondents move to dismiss Calzadilla's petition for failure to state a claim or, alternatively, for failure to exhaust available state-court remedies. For the reasons below, the motion to dismiss will be granted.

**I
Procedural History**

On July 10, 2024, Yuri Calzadilla, while in custody of the Mississippi Department of Corrections ("MDOC") at the Mississippi State Penitentiary in Parchman, Mississippi,[1] filed a civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Mississippi. Doc. #1. The case was transferred to the United States District Court for the Northern District of Mississippi on February 6, 2025. Doc. #10. Due to the nature of the relief sought, the Court construed Calzadilla's pleading as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and converted it accordingly. Doc. #14. Pursuant to the Court's directive,[2] Calzadilla filed an amended § 2254 petition on March 6, 2025. Doc. #16.[3]

On June 2, 2025,[4] the respondents moved to dismiss for failure to state a federal habeas claim

---

[1] Doc. #1 at PageID 2.

[2] Docs. #14, #15.

[3] Though Calzadilla's original pleading included Brenetta Hoskins as a party, Doc. #1 at PageID 1, his March 6 petition did not, Doc. #16 at PageID 11.

[4] The Court initially directed the respondents to answer the petition on or before May 20, 2025. Doc. #17. On the respondents' motion, the Court extended the answer deadline to June 3, 2025. Doc. #21.

or, alternatively, for failure to exhaust available state-court remedies. Doc. #23 at 15. Calzadilla did not respond to the motion.

## II
## Background

In November 2012, a grand jury in the Circuit Court of Scott County, Mississippi, indicted Calzadilla on armed robbery charges. Doc. #22-1 at PageID 64–65. On February 8, 2013, during a "re-arraignment," Calzadilla pled guilty to two counts of strong-arm robbery (a lesser offense than the armed robbery charges in the indictment). *Id.* at 49–58. Based on his guilty pleas, the Scott County Circuit Court entered a judgment sentencing Calzadilla to twelve years on each count, to run consecutively. *Id.* at 59–60; *see* Doc. #23-1.

Calzadilla submitted a motion for post-conviction relief ("PCR Motion") in the Scott County Circuit Court which was stamped as filed on September 29, 2014. Doc. #22-3 at PageID 92–101. In the PCR Motion, Calzadilla claimed that his plea was involuntarily entered because he was not provided an interpreter, that he was subjected to double jeopardy, and that the indictments were defective. *Id.* The Scott County Circuit Court entered an "Order Denying and Dismissing Motion for Post-Conviction Relief" on December 18, 2014, in which it found that Calzadilla's claim regarding the interpreter was "disingenuous" because Calzadilla had "answered in the affirmative when asked by the Court if he understood English" and "was able to adequately respond to all of the Court's questions during his plea;" that as to the alleged double jeopardy, Calzadilla was indicted for two separate crimes and pleaded guilty to two separate counts so "was not subjected to two separate punishments for the same criminal event;" and that the indictments "track[ed] the language of the charged crime[s]" and were not defective. Doc. #23-2.[5] Calzadilla did not appeal the denial of his PCR Motion. Doc. #22-3 at PageID 92.

---

[5] This order also can be found in the state court record filed in this case. Doc. #22-3 at PageID 107–08.

2

Calzadilla submitted a "Petition for Parole Eligibility Date" ("Parole Petition") which was stamped as filed in the Scott County Circuit Court on April 6, 2018. Doc. #22-4 at PageID 111. Following a "Joint Order of Recusal" filed in the Scott County Circuit Court on May 18, 2018,[6] and an "Order Appointing Special Judge" entered by the Mississippi Supreme Court on May 25, 2018,[7] an order denying Calzadilla's Parole Petition was entered March 19, 2020. *Id.* at PageID 122.[8] In that order, the trial court found Calzadilla ineligible for parole under Mississippi Code § 47-7-3 because he was sentenced to two crimes of violence, also explaining that Calzadilla was "not eligible to proceed under House Bill 585, as he ha[d] not served at least fifty (50) percent of his sentence." *Id.*

Calzadilla appeared before the Mississippi Parole Board ("MPB") on May 22, 2024, which resulted in an "Action of the Parole Board" indicating Calzadilla was denied parole, with the matter continued for one year. Doc. #23-5. As the reasons for denying parole, the MPB cited the serious nature of Calzadilla's offense, a pending detainer, his history of violence, and its belief that Calzadilla lacked the ability or willingness to fulfill the obligations of a law-abiding citizen. *Id.*

On April 23, 2025, Calzadilla again appeared before the MPB, resulting in another "Action of the Parole Board" denying parole, this time with the matter continued for the "duration" of Calzadilla's sentence until July 3, 2026. Doc. #23-6. As the reasons for parole denial, the MPB cited the number of offenses Calzadilla committed, a pending detainer, his request not to be paroled, and its belief that Calzadilla lacked the ability or willingness to fulfill the obligations of a law-abiding citizen. *Id.*

Calzadilla's inmate time sheet as of May 21, 2025, reflects a tentative discharge date of June

---

[6] Doc. #22-4 at PageID 117–18.

[7] *Id.* at PageID 119–20.

[8] This order is also attached as an exhibit to the motion to dismiss. Doc. #23-3.

3, 2026. Doc. #23-7 at PageID 155. However, because at that time he was earning thirty days of "Trusty Time" for every thirty days served, *id.*, that date presumably continued to change. The time sheet further reflects an anticipated earned release supervision ("ERS") date and parole date of June 23, 2024. *Id.* Regardless, Calzadilla is subject to a detainer lodged by U.S. Immigration and Customs Enforcement, upon his release from MDOC custody.[9] Doc. #23-8.

### III
### Discussion

Calzadilla's petition is based entirely on his belief that he should be released on ERS.[10] The respondents argue the petition must be dismissed because Calzadilla fails to state a cognizable claim for federal habeas relief and, alternatively, because Calzadilla failed to exhaust exhaust available state court remedies before seeking federal habeas relief.

#### A. Failure to State Claim

To state a cognizable claim for federal habeas relief, Calzadilla must allege that he was "deprived of some right secured to him … by the United States Constitution or the laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). A federal habeas corpus petition "based on an argument that state courts are incorrectly applying their own law … is not a basis for [federal habeas] relief." *Wansley v. Mississippi Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014) (citing *Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001) ("[T]he proper interpretation of state law is *not* cognizable in federal habeas proceedings.")). It cannot be disputed that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration

---

[9] Based on a search of the MDOC's website, it is not clear that Calzadilla is still in MDOC's custody. *Inmate Search*, https://www.mdoc.ms.gov/ (last visited Feb. 18, 2026). The Court issues this order nonetheless to the extent Calzadilla may be in state custody—if he is not, the ruling in this order is withdrawn as moot.

[10] In his petition, Calzadilla raises a single ground for relief—"all convictions are … plead guilty to be release[d] on ERS." Doc. #16 at PageID 15. He alleges that he completed the required time on his "guilty plea contract" such that he should be released on ERS, and believes that his "parole date" impacted his ERS date and "add[ed] to [his] conviction." *Id.* at PageID 15, 17.

4

of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). A state can create a liberty interest but only when relevant state law contains "explicitly mandatory language" requiring that "a particular result is to be reached upon a finding that the substantive predicates are met." *Hearron v. Banks*, No. 3:18-CV-629, 2020 WL 695673, at *3 (S.D. Miss. Jan. 17, 2020) (quoting *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 462 (1989)), *report and recommendation adopted*, 2020 WL 674436 (S.D. Miss. Feb. 11, 2020).

Mississippi's ERS statute, like Mississippi's parole statutes,[11] does not create a constitutionally protected liberty interest. Mississippi Code § 47-5-138 provides that an inmate sentenced after June 30, 1995, "*may* receive an earned time allowance … if the department determines that the inmate has complied with the good conduct and performance requirements of the earned time allowance program." Miss. Code Ann. § 47-5-138(5) (emphasis added). It also instructs that an inmate "*may* be released on his conditional earned time release date" if he meets the program's requirements. *Id.* at § 47-5-138(4) (emphasis added). Further, the statute states that an inmate "who is released before the expiration of his term of sentence under this section[] shall be placed under [ERS] until the expiration of the term of sentence" and that MDOC "shall develop rules, terms and conditions for the [ERS] program." *Id.* at § 47-5-138(6). So, by statute, ERS is discretionary, not mandatory. And the decision regarding ERS is left to the sound discretion of prison officials.[12] *Scales v. Mississippi State Parole Bd.*, 831 F.2d 565, 566 (5th Cir. 1987); *Irving*, 732 F.2d at 1217. In short, inmates have no constitutionally protected liberty interest in being released on ERS. *Vice v. State*, 679 So. 2d 205, 208 (Miss. 1996); *Smith v. State*, 580 So. 2d 1221, 1225–26 (Miss. 1991); *Harden v. State*, 547 So. 2d 1150, 1151–52 (Miss. 1989); *accord Davis v. Johnson*, 205 F. Supp. 2d. 616, 618–19 (N.D. Miss. 2002).

---

[11] *Wansley*, 769 F.3d at 312.

[12] Because correctional officers are vested with discretionary power to award time under certain conditions, inmates are not entitled to it. *Ross v. State*, 584 So. 2d 777, 779 (Miss. 1991).

Because any claim by Calzadilla that he should be released on ERS is premised entirely on Mississippi law, "[a]ny relief [he] is entitled to under Mississippi law must be obtained in the courts of that state." *Wansley*, 769 F.3d at 313. For all these reasons, Calzadilla fails to allege the deprivation of any constitutional or federal right. Accordingly, the Court concludes that Calzadilla fails to state a cognizable claim for federal habeas corpus relief and that his petition should be dismissed with prejudice.

### B. Exhaustion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must exhaust his available state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). The exhaustion requirement is satisfied when a petitioner has presented his claims to the state's highest court in a procedurally proper manner and provided the highest state court with a fair opportunity to pass upon the claims. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *accord Richardson v. Procunier*, 762 F.2d 429, 430–31 (5th Cir. 1985). If a petitioner fails to exhaust his claims before seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see Duncan v. Walker*, 533 U.S. 167, 178–79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack on that judgment.").

To satisfy the exhaustion requirement here, Calzadilla must have presented his claim challenging MDOC's failure to release him on ERS to the state's highest court—the Mississippi Supreme Court—and only after he provided the Mississippi Supreme Court a fair opportunity to pass on the claim can it be found that he satisfied AEDPA's exhaustion requirement. Calzadilla "shall not be deemed to have exhausted the remedies available in the courts of the State, … if he has [but did

6

not exercise] the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *O'Sullivan*, 526 U.S. at 842–45.

Nothing in the record shows an attempt by Calzadilla to exhaust his claim challenging MDOC's failure to release him on ERS.[13] Such a claim is cognizable under Mississippi law and can be properly pursued through MDOC's ARP, followed by judicial review. *Hearron*, 2020 WL 695673, at *4 (citing MISS. CODE ANN. §§ 47-5-801 to -807); *see Putnam v. Epps*, 63 So. 3d 547, 550 (Miss. 2011) ("[A] challenge to the MDOC's earned-time calculation is cognizable under the administrative-review procedure, with judicial review available as provided in Section 47-5-807."). It is undisputed that the Mississippi Supreme Court has not had an opportunity to consider Calzadilla's claims. Consequently, Calzadilla's federal habeas petition in this case must be dismissed for failure to exhaust available state court remedies. 28 U.S.C. § 2254(b)(1), (c).[14]

## IV
## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, the Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to Calzadilla, and Calzadilla must obtain a COA before appealing the decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Calzadilla must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*

---

[13] According to the respondents, an investigator for MDOC's Administrative Remedy Program ("ARP") avers that "ARP has no submitted request concerning a release date, being past the ERS date, or ERS date changing between timesheets for Offender Yuri Calzadilla, #141943." Doc. #23 at 14; *see* Doc. #23-4. Calzadilla alleges he filed complaints through MDOC's ARP. Doc. #16 at 17, 20. However, he provided no documentary support for this assertion.

[14] The Court further finds that no "good cause" exists for Calzadilla's failure to exhaust his claims in State court before filing the present federal habeas petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (in "limited circumstances," federal court may stay habeas petition to allow petitioner to litigate unexhausted state claims before returning to federal court).

7

*v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue.

## V
## Conclusion

The motion to dismiss [23] is **GRANTED**. Calzadilla's petition for a writ of habeas corpus is **DISMISSED with prejudice**. A certificate of appealability is **DENIED**. A separate judgment will issue.

**SO ORDERED**, this 19th day of February, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**